C. I. T. CORPORATION, PLAINTIFF, v. SAMUEL FERTIG, DEFENDANT.

Decided December 14, 1935.

For the plaintiff, *Walter Fox.*

For the defendant, *Samuel Sladkus.*

LAWRENCE, C. C. J.   This suit was submitted to the court, without a jury, at the Monmouth Circuit.   The facts were stipulated.   On May 25th, 1932, defendant Fertig purchased of Charles F. Straub, a dealer, a Plymouth coupe for $764.12, trading in another car valued at $227, evidencing the remainder of the purchase price by a conditional sales contract of the usual type and a promissory note.   On the same day Straub assigned the contract and transferred the note to plaintiff, a finance corporation, for a valuable consideration. Neither the contract nor a copy was filed in the county clerk's office as required by the Conditional Sales act.   *Pamph. L.* 1919, *ch.* 210, *p.* 461, §§ 5, 6; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3130, §§ 182-91, 92.   This was the result of oversight or neglect on the part of plaintiff.   By virtue of the contract, the motor vehicle was delivered to defendant.

On March 2d, 1932, International Accountants Society, Incorporated, brought suit against Fertig in the District Court of the city of New Brunswick to recover of him an indebtedness of $135.   On March 24th, 1932, judgment was entered in favor of the society for $135 and $11.31, costs of suit.   An execution was issued thereon out of that court and

later returned unsatisfied. It is to be observed that this judgment was obtained two months before the execution of the conditional sales contract between Straub and Fertig for the motor car in question. On February 8th, 1933, the society caused an alias execution to be issued out of the District Court on its judgment and the car was levied upon as the property of Fertig. A valid lien was thus secured, inasmuch as neither the conditional sales contract nor a copy had been filed as required by the statute (*supra*). Nor did it appear that the plaintiff in the judgment had any actual knowledge of it. The finance corporation (plaintiff here), realizing that its interest was in jeopardy, without consulting Fertig or making known to him its purpose, paid the society $135 in satisfaction of the District Court judgment. A satisfaction piece indicating, however, that Fertig as defendant therein had paid it was filed in the office of the clerk of the District Court and the judgment was canceled of record. Why plaintiff did not take an assignment of the judgment does not appear. Having paid or satisfied the judgment, it thereupon took possession of the car, presumably under the conditional sales contract, returned it to Straub, the dealer, and the latter reimbursed it for all moneys advanced by it as assignee, although it does not appear that Straub paid it anything for securing a cancellation of the District Court judgment against Fertig or to reimburse it for the expense of recovering possession of the car.

Plaintiff in the suit here considered seeks to recover of Fertig $135, the amount which it paid to obtain satisfaction of the District Court judgment; $3 for a storage charge after it had taken possession of the car, and $2.40 as expense involved. The suit is rested on the theory that a conditional vendee is under an obligation to reimburse the conditional vendor, or his assignee, for disbursements made in the preservation of the property covered by the contract. It is to be noted that nothing remains due plaintiff as assignee on the contract itself. It has been fully paid in that regard by Straub. The only pertinent inquiry appears to be whether it can require Fertig to pay it for disbursements which it was obliged to make in protecting its interest due to its own care-

lessness in not having the conditional sales contract or a copy filed, thus enabling a judgment creditor of Fertig to obtain a lien upon the car. It is not suggested that the latter was under a duty to have the contract filed, or that the neglect to do so is chargeable to him; nor that the money paid to satisfy the judgment was so paid at his request. The general rule appears to be that "one who has been compelled to pay out money which another in good conscience and equity should have paid, or should have prevented his being required to pay, may recover from the other the money so paid, unless he was so compelled to pay by reason of his own mistake or negligence." 41 *C. J.* 12, § 3-B. See, also, *Harris* v. *Compton,* 4 *N. J. L.* 177, cited in *Liddel* v. *McVickar,* 11 *Id.* 44 (at *p.* 55), and the footnote to *Ferrel* v. *Rodgers,* 1 *Id.* 265 (\*228), quoting from *Jones* v. *Willson,* 3 *Johns.* 434. The money here involved was paid out by plaintiff because of its failure to have the conditional sales contract filed as required by the statute through no fault of Fertig and without his knowledge or consent. This was not money spent to preserve the property but to protect plaintiff's interest as assignee of the contract against the hazard which it itself had negligently caused. It would seem consequently that since defendant had nothing to do with the matter no cause of action has been shown. Paraphrasing the text in *Harris* v. *Compton, supra,* plaintiff could not, without defendant's request, pay money for him or otherwise take upon itself his liability, and thereby create a duty upon which it can maintain a suit at law. It could not change defendant's responsibility by its own misconduct and neglect. Judgment may be entered in favor of defendant and against plaintiff of no cause. No costs will be allowed.